## Case No. 6,157.

### In re HARTEL.

[7 N. B. R. 559.][1]

District Court, W. D. Missouri. 1873.

BANKRUPTCY—DEED OF TRUST AS SECURITY—HUSBAND AND WIFE—REALTY.

1. Security for the payment of a note, by way of a deed of trust, given on the property of the wife, by the husband and wife jointly, is security within the meaning of the bankrupt act [of 1867 (14 Stat. 517)], and such claim should be allowed as a secured demand, although the wife may have died leaving heirs.

[Cited in Post v. Losey, 111 Ind. 80, 12 N. E. 12.]

2. The court will, on proper motion, attend to the application of the security, and to the interests of the assignees in the realty.

[In bankruptcy. In the matter of J. Hartel.]

By JOHN K. CRAVENS, Register:

On the 25th day of July, 1872, Sarah Teed filed her deposition in proof of claim against the estate of said bankrupt, setting up a security by way of deed of trust upon certain real estate. The deposition does not state whether the real estate was the property of the bankrupt at the date of the deed of trust, or who now claims it. The deed of trust is attached to the proof, and is filed as an exhibit. The grantors in the deed of trust are, "Susanna Hartel and Jacob Hartel, her husband;" the same priority is observed in the signatures to the deed. The certificate of acknowledgment is in the peculiar form required by the statutes of Missouri, for the conveyance of the real estate of a married woman; and being a printed certificate, the words relinquishing dower are erased. The whole instrument is such as to suggest a conveyance of Mrs. Hartel's property, and not that of the bankrupt. By an examination of the inventory filed by the bankrupt, it appears that the property described in the deed of trust is inventoried as follows: "My wife is dead. We have children. She was the owner of lot 263 Old Town, Kansas City, Mo., and in which, I suppose, I have a courtesy estate. In January, 1871, this lot was conveyed by my wife and me, to David O. Smart, trustee, to secure a note held by one Teed, and executed by me and wife." The inventory of the bankrupt thus shows that the real estate belonged to his wife. It is stated by the attorneys for Mrs. Teed, in their statement and exceptions, that "Susan Hartel was the owner, in her own right," of the said property. The deed of trust was then given upon the property of Mrs. Hartel, and not upon property which belonged to the bankrupt. At the time the deed was executed, Mrs. Hartel being still in life, Hartel had no courtesy, nor could he have any until this deed of trust is discharged. Nor can he then have, unless there shall be a surplus after the

[1] [Reprinted by permission.]

debt thereby secured has been fully paid. The claimant by her deed of trust can have no lien upon any surplus which may remain. It is unnecessary now to decide what rights the assignee may have in any surplus. The only liens and incumbrances which are to be foreclosed in the court of bankruptcy are those which attach to the estate of the bankrupt on the date at which the petition is filed and which estate passed to the assignee. Unless there was an estate in the property which passed to the assignee there can be no allowance of a claim secured to be paid out of the bankrupt's estate. The estate of Mrs. Hartel's heirs cannot be sold by order of the bankrupt court; their estate is not in its custody nor can it be. So far as this claim is concerned, it matters not whether the property will or will not produce a surplus, after the payment of the Teed debt. According to the deed of trust, that which, if anything, by any possibility, can come to the assignee, will come discharged of the lien created by this deed of trust. For these reasons the security was rejected as not within the jurisdiction of the court of bankruptcy to foreclose.

TREAT, District Judge. The claim should be allowed as a secured demand, for the husband joined in the note, and there is security for its payment. The court will, then, on proper motion, attend to the application of the security, and to the interests of the assignee in the realty. Exceptions sustained.